IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Javicka S. Smith, | ) | C/A No. 3:09-1043-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| TitleMax of South Carolina, Inc.; and Michael Fraebel, in his individual capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Javicka S. Smith ("Smith"), filed this employment discrimination case alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), as well as state law claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Michael Fraebel's motion to dismiss (ECF No. 8), to which the plaintiff responded (ECF No. 11) and Fraebel replied (ECF No. 13).[1]  On February 22, 2011, the court held a hearing on this motion. Based on the pleadings and the arguments presented, the court found that Smith had not properly served Defendant Fraebel pursuant to Rule 4 of the Federal Rules of Civil Procedure. The court granted the plaintiff thirty days from the date of the hearing to effect proper service on Defendant Fraebel. (ECF No. 52.)  Nearly two weeks have passed since that deadline and the plaintiff has neither filed proof of service as to Defendant Fraebel nor requested an extension of time in which to effect proper service.

_____

[1] This matter was previously stayed pursuant to the automatic stay provision of 11 U.S.C. § 362(a).  (See ECF Nos. 19 & 35.)



Therefore, the court recommends that Defendant Fraebel's motion to dismiss (ECF No. 8) be granted and Defendant Fraebel be dismissed without prejudice pursuant to Rule 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 6, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).